**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH**

**ERIC FLORES**                                                                                                    **PETITIONER**

**v.**                                                                        **CIVIL ACTION NO. 5:15-CV-85-TBR**

**UNITED STATES ATTORNEY GENERAL et al.**                                         **RESPONDENTS**

**MEMORANDUM OPINION**

Petitioner, Eric Flores, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Petitioner filed a 64-page complaint entitled "Petition to Challenge the Constitutionality of the First Amendment." A review of PACER reveals that Petitioner recently filed the same complaint in many other district courts throughout the country. He names as Respondents the U.S. Attorney General, with an address in Washington, D.C., and the Federal Bureau of Investigation, with an address in Texas. Petitioner's address is also in Texas. None of the allegations in the complaint appear to have anything to do with the Western District of Kentucky.

Petitioner states that he is proceeding in this matter on behalf of "a protected class of mexican american citizens of the United States that is so numerous that joinder of all members is impracticable." He names seventeen "parties of interest," some of whom are deceased.

Petitioner alleges that "executive employees of the federal government" used "advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing genetic code to cause the petitioner[']s Uncle Jorge Salas severe heart pain for long durations"

and then used their official capacity to influence the county forensic laboratory to "fabercate frivolous documents resembleing legitimate adtopysy reports" that his uncle died of natural causes.  He also alleges that the "organized group of executive employees" used the direct signal of a satellite to cause him severe mental pain which impaired his thought process in order to prevent him from pursuing his appellate remedies.  He further alleges that the "advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing a genetic code" to cause suffering and to control mental states has been used on various of his family members.

As relief, Petitioner requests that this Court determine that Petitioner's and his family's right to free exercise was violated by unjustified governmental interference; determine that Petitioner's right to freedom of speech with regard to communication to the federal court was interfered with; convene a federal grand jury to conduct an investigation to reveal the identity of executive employees of the federal government who are responsible for committing mail theft and torturing to death Jorge Salas and Vincent E. McDaniel; and issue an injunction prohibiting the unjustified governmental interference described in the complaint.

## II. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

or where the factual contentions are clearly baseless. *Id.* at 327.  When determining whether a petitioner has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the petitioner and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the [petitioner] can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

First, the Court determines that Petitioner's request for this Court to certify this action as a class action must be denied.  As a *pro se* litigant, Petitioner lacks the qualifications to represent a class.  *See, e.g.*, *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("non-attorneys proceeding pro se cannot adequately represent a class"); *Giorgio v. Tenn. Dep't of Human Servs.*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

Second, the Court finds that the instant action must be dismissed as frivolous.  An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  The Court need not accept as true

factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328). Here, Petitioner's claims "contain[] no legal theory upon which a valid federal claim may rest" and, to the extent they may be deciphered, are "delusional"; dismissal is appropriate. *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date:


cc:     Flores, *pro se*
4413.009